# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL CLINTON JONES, | : | |
| Petitioner, | : | |
| v. | : | NO. 4:15-CV-465 |
| DONNA ZICKAFOOSE, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### JANUARY 10, 2018

**I.     BACKGROUND**

Russell Clinton Jones. filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 while confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood)[1]. This matter was initially assigned to the Honorable Edwin M. Kosik of this Court.[2] Named as Respondent is former Warden Donna Zickafoose of USP-Allenwood.[3] Service of the petition was previously ordered.

---

[1] Petitioner is presently incarcerated at the United States Penitentiary, Marion, Illinois.

[2] Judge Kosik has assumed inactive status.

[3] The current USP-Allenwood Warden will be deemed the sole Respondent in this matter.

The pending petition does not challenge the legality of Petitioner's criminal sentence. Rather, Jones alleges that the United States Parole Commission (Parole Commission) issued a punitive, unreasonable decision "well above the guidelines" when calculating the length of his most recent parole violation term. Doc. 1, ¶ 5. Petitioner asserts that the parole violator term which was imposed violated the *Ex Post Facto* Clause; constituted impermissible double counting; did not consider significant mitigating factors; and was arbitrary, unreasonable and capricious.[4]

Based upon a review of undisputed documents submitted by the parties, Petitioner was sentenced by the Superior Court for the District of Columbia to a ten (10) year term of imprisonment on February 1, 2000 for third degree sex abuse. *See id.* at p. 10. Jones was paroled from that sentence on September 8, 2005 and was to remain under supervision until November 9, 2012.

On May 9, 2007, the Parole Commission issued a warrant charging Petitioner with violating the conditions of his parole by committing new sex offenses.[5] The warrant was later supplemented on December 14, 2007 to include that Jones had been convicted of a fourth degree sex offense and sentenced to a one (1) year term of imprisonment.

---

[4] Petitioner has filed a motion to supplement (Doc. 36) which will be granted and his additional supporting submissions will be accepted.

[5] The Parole Commission may revoke parole only upon finding by a preponderance of the evidence that the parolee has violated a condition of his parole. 18 U.S.C. § 4214(d).

Following a hearing, Petitioner's parole was revoked by the Parole Commission on May 6, 2008 and it was ordered that he receive no credit for time spent on parole; his reparole eligibility date was reset for July 6, 2008.

On July 6, 2008, Jones was reparoled and he was ordered to remain under supervision until November 15, 2014. On March 11, 2013, the Parole Commission issued a warrant charging Petitioner with yet again violating the conditions of his parole by committing another sex offense. This warrant was supplemented on September 5, 2013 to reflect that Petitioner had again been convicted of sexual abuse in the Superior Court of the District of Columbia and sentenced to a one hundred and eighty (180) day term of imprisonment.

A second parole revocation hearing was convened by the Parole Commission on October 25, 2013. It was recommended by the presiding hearing examiner that Jones' parole be revoked and he be reparoled after service of twenty-four (24) months. A reviewing examiner disagreed with that suggested disposition, finding instead that a decision above the guidelines was warranted and that Petitioner should remain confined until the expiration of his sentence (service of approximately eighty-two (82) months).[6] This later recommendation was adopted by decision of the Parole Commission dated November 26, 2013. Following an appeal, the National Appeals Board affirmed that decision adding

---

[6] A third examiner concurred in that recommended disposition.

only that Petitioner would receive a review hearing in October 2015.

## II. DISCUSSION

### A. Standard of Review

Title 28 United States Code § 2241 (c)(3), vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States.

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Similarly, the parole laws and regulations developed by the District of Columbia do not give rise to any constitutionally protected interest. *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996) ("the regulations do not give any prisoners a liberty interest in parole"). The District of Columbia Court of Appeals has also determined that habeas corpus review of the denial of parole to a District of Columbia inmate "is limited to a review of the procedures used by the Board." *Smith v. Quick*, 680 A.2d 396, 398 (D.C. Cir. 1996).

A federal court's review of a decision issued by the Parole Commission is limited to an abuse of discretion standard. A federal district court needs only to consider whether the record provides a rational basis for the Parole Commission's ruling. *Gambino v. Morris*, 134 F.3d 156, 160 (3d Cir. 1998). It must ensure that

the Parole Commission has followed appropriate criteria and that its "decisions are neither arbitrary and capricious nor based on impermissible considerations." *Id*. (citation omitted). Furthermore, the United States Court of Appeals for the Third Circuit has noted that, when the Parole Commission issues any written determinations, it "must reveal *reasoning* and not simply present conclusions, at least where the reasoning is not apparent from the facts of the case." *Marshall v. Lansing*, 839 F.2d 933, 943 (3d Cir. 1988) (emphasis in original); *see also Greene v. United States Parole Comm'n*, 749 F. Supp. 650, 654 (M.D. Pa. 1990). The Court of Appeals in *Marshall* added that "Congress has required the Commission to furnish a statement of reasons to the prisoner so that he can receive 'an understandable explanation of his parole status.'" *Id*. at 942 (citations omitted).

Finally, the appropriate remedy when the Parole Commission exceeds its discretion is to remand the matter to the agency for further proceedings consistent with the court's opinion. *See Mickens-Thomas v. Vaughn*, 355 F.3d 294, 309-10 (3d Cir. 2004).

**B.     Ex Post Facto**

Petitioner here argues in part that the Parole Commission violated the *Ex Post Facto* Clause because at the time he committed his original offense the District of Columbia Parole Board regulations were still in effect. Respondent argues that Jones' claim is meritless since the guidelines applied by the Parole

Commission were in effect when Petitioner committed his offense. *See* Doc. 12, p. 5.

A new law or policy is an *ex post facto* violation when it is applied to events which occurred prior to its enactment and disadvantages the offender affected by it. *Weaver v. Graham*, 450 U.S. 24, 29 (1981). "One function of the *Ex Post Facto* Clause is to bar enactments, which by retroactive operation increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000); *Puifory v. Reilly*, 2009 WL 839354 *5 (M.D. Pa. March 30, 2009) (retroactive application of a parole regulation which creates a significant risk of increasing the prisoner's incarceration may violate the *ex post facto* prohibition); *Bonilla v. Vaughn*, 1998 WL 480833 *7 (E.D. Pa. 1998) (retroactive application of a change in parole laws if applied rigidly or mechanically can constitute an *ex post facto* violation). However, a petitioner must show that the parole policy change was given retrospective effect and that its retrospective application created a real risk of increasing the measure of the prisoner's punishment. *See Tyler v. Cain*, 2006 WL 2038398 * 1 (M.D. Pa. July 19, 2006); *Richardson v. Pa. Parole Board*, 423 F.3d 282, 288 (3d Cir. 2005).

Pursuant to the provisions of National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub. L. No. 105-33, § 11231(a), 111 Stat. Ann. 712, 745 (effective date Aug. 5, 1998), District of

Columbia incarcerated felons were transferred into federal custody. Under the Revitalization Act, the District of Columbia Parole Board ceased operation and the Parole Commission was given broad responsibilities for District of Columbia offenders such as Jones. All District of Columbia offenders reviewed for parole by the Parole Commission after said date were considered under the regulations set forth at 28 C.F.R. § 2.80. When Petitioner was initially charged with his original offense in 1999, the Parole Commission had already assumed responsibility for District of Columbia offenders.

Based upon a careful review of the undisputed record, Petitioner has not set forth any facts or allegations which could establish that the denial of reparole in his case violated the *Ex Post Facto* Clause. He has not shown that any parole policy was given retroactive application and that his application created a significant risk of increasing his punishment. To the contrary, the guidelines used by the Parole Commission in deciding Petitioner's case were in effect when he committed his underlying crime. Simply put, there is no basis for a determination that the denial of reparole to Jones was the result of reliance on a parole policy which was not in effect on the date of his offense.

### B. Double Counting

Petitioner, relying on *Harris v. Martin*, 792 F.2d 52 (3d cir. 1986), next contends that the Parole Commission engaged in impermissible double counting of

his previous convictions when exceeding the guidelines in its determination as to Petitioner's eligibility for reparole. Respondent asserts that *Harris* is not applicable to cases involving District of Columbia offenders and there was no double counting because the computation of a salient factor score may consider the nature of prior convictions or a pattern of a particular type of criminal conduct when making a departure from the guidelines.

There are two primary factors used by the Parole Commission in reaching its parole determination: (1) the offense severity rating and (2) the salient factor score. Offense severity rating is used to classify an inmate's crime in one of eight offense severity categories. Federal guidelines provide examples of offenses in each category and, if a prisoner's offense is not specifically listed, it is classified in the same category as offenses of comparable severity. *See* Title 28 C.F.R. § 2.20. The offense severity rating, along with an inmate's salient factor score, are then used in conjunction with a matrix chart to form a suggested period of incarceration for each inmate. *Id.* In the present case, there is no claim by the Petitioner that his offense severity rating was improperly calculated.

The salient factor score assesses the probability that an offender will live and remain at liberty without violating the law. It is then used in conjunction with points added or subtracted for pre- and post- incarceration factors, including whether the prisoner's underlying conviction was a crime of violence or involved

the death of a victim to form a base point score which corresponds to a suggested period of incarceration for each inmate to serve prior to release (base guideline range). *See Jennings v. Hogsten*, 2008 WL 191483 * 1 (M.D. Pa. Jan. 22, 2008).

The Third Circuit in *Harris* held that the Parole Commission can *not* "properly use the same factors in scoring a prisoner pursuant to the guidelines and as an aggravating factor justifying a decision above the guidelines." *Id.* at 54. However, the Parole Commission can use the *nature* of a prisoner's convictions as a basis for exceeding the guidelines, even though those same convictions were also used in his sentence computation pursuant to the guidelines. In *Ronning v. United States*, 547 F. Supp. 301, 306 (M.D. Pa. 1982), this Court held that the Parole Commission may exceed its guidelines where the prisoner "has a propensity repetitively to commit the same type of offenses." *Id.* at 306 (citations omitted).

My review of the record in the instant case shows that the Parole Commission did not impermissibly double count Petitioner's latest sex offense conviction, but rather, used it to show Jones' repeated history of committing sex offenses over an extended period. Therefore, the Parole Commission's use of Petitioner's latest criminal activity was in compliance with *Ronning* and a proper factor upon which to base its decision to exceed the recommended guidelines. Consequently, the Court also finds this claim to be meritless.

### C. Arbitrary and Capricious

Petitioner's remaining arguments assert that the Parole Commission's decision was arbitrary and capricious and failed to consider mitigating factors. Respondent counters that the Parole Commission was not required to consider mitigating factors and that the decision to exceed the guidelines was rationally based upon a reasonable assessment.

As previously discussed under *Gambino* a federal district court need only consider whether the record provides a rational basis for the Parole Commission's ruling. It must ensure that the Parole Commission has followed appropriate criteria and that its "decisions are neither arbitrary and capricious nor based on impermissible considerations." *Id*. (citation omitted). Furthermore, the Third Circuit has noted that, when the Parole Commission issues any written determinations, it "must reveal *reasoning* and not simply present conclusions, at least where the reasoning is not apparent from the facts of the case." *Marshall.*

Based upon a review of the record, the Parole Commission's decision being presently challenged by Jones was properly supported by rational and permissible factors, most notably the Petitioner's repeated commission of sex offenses even while on parole. Moreover, the decision itself provided Jones with a clear explanation of his status as well as the reasons underlying the decision to exceed the recommended guidelines.

## III. CONCLUSION

Jones has not satisfied his burden of establishing any entitlement to federal habeas corpus relief, despite having been afforded a liberal review by this Court. Accordingly, his habeas corpus petition will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge